In the Matter of the Application for DISCIPLINARY ACTION AGAINST Harold W.E. ANDERSON, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF THE SUPREME COURT OF THE STATE OF NORTH DAKOTA, Petitioner,

v.

Harold W.E. ANDERSON, Respondent.

Nos. 920226, 920237, 920302, 920303, 920304, 920305, 920306, 920307 and 920308.

Supreme Court of North Dakota.

Oct. 28, 1992.

ORDER OF DISBARMENT

On October 19, 1992, the Disciplinary Board of the Supreme Court submitted its Report, together with the Findings and Recommendations of the Hearing Panel, to the Supreme Court in the above matters. The record of the formal proceedings filed with the Court shows that Summonses and Petitions for Discipline were served upon Harold W.E. Anderson on January 16, 1992, April 13, 1992, July 21, 1992, September 24, 1992, and October 1, 1992. The Petitions alleged that Mr. Anderson converted and borrowed clients' money, failed to act with due diligence in representing clients and prosecuting their claims, and violated a court order by failing to notify clients of his interim suspension and failing to turn files over to the Professional Trustee.

Mr. Anderson entered into a Stipulation and Consent to Discipline with the Disciplinary Board stipulating to the following material facts:

1. Harold W.E. Anderson was admitted to the practice of law in the courts of North Dakota on July 13, 1956, and his name has appeared since that date on the roll of attorneys admitted to the Bar of North Dakota maintained by the Supreme Court.

2. Mr. Anderson was suspended on an interim basis by the North Dakota Supreme Court on March 31, 1992.

3. Mr. Anderson violated Rule 1.15, RPC, by commingling and converting client property to his own use and Rule 1.2(A)(3), NDPRLDD, by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

4. Mr. Anderson violated Rule 1.8, RPC, by entering into business or financial transactions with clients that were not fair and reasonable to the client and without advising them to seek independent counsel.

5. Mr. Anderson violated Rules 1.3, 1.4, and 1.15, RPC, by lack of due diligence, failure to promptly prosecute clients' actions, and failure to communicate with or promptly respond to his clients' inquiries about their cases or money.

6. Mr. Anderson agreed that the following aggravating circumstances exist:

a. a pattern of misconduct and multiple offenses;

b. submission of false statements in the disciplinary proceedings, including under oath statements as to location and security of client funds;

c. exceptional vulnerability of some of the victims; and

d. prior disciplinary record.

7. Mr. Anderson willfully disobeyed an order of the court requiring him to do or to refrain from doing an act connected with or in the course of his professional practice in violation of section 27–14–02(2), NDCC, by failing to notify clients of his interim suspension; and failing to turn over his files to the Professional Trustee as ordered by the Grand Forks County District Court.

Mr. Anderson consented to disbarment, restitution with interest and payment of costs and expenses of the proceedings in the amount of $2500.00.

The Hearing Body reviewed and considered the Stipulation and Consent to Discipline and accepted the same. Based on the Stipulation and Consent to Discipline, the Hearing Body made the following recommendations to the Disciplinary Board of the Supreme Court:

1. Mr. Anderson be disbarred.

2. Mr. Anderson be ordered to make restitution of sums remaining unpaid to clients.

3. Mr. Anderson be required to pay costs and expenses of the disciplinary proceeding in the amount of $2,500.00.

4. Mr. Anderson be required to pay the costs and expenses of the Professional Trustee.

On October 16, 1992, the Disciplinary Board of the Supreme Court unanimously adopted the Findings and Recommendations of the Hearing Body, noting specifically that the Stipulation and Consent to Discipline includes interest payable on the amounts due for restitution.

The Court considered the matter, and

ORDERED, that Mr. Harold W.E. Anderson be immediately disbarred from the practice of law in the State of North Dakota.

IT IS FURTHER ORDERED, that Mr. Anderson pay restitution as follows:

a. $3,936.00 to Delores Thorsgard, plus interest.

b. $40,000.00 to Mabel E. Larson estate, plus interest.

c. $647.89 to Russell Nesheim, plus interest.

d. $22,000.00 to the Ralph Ferraro estate, plus interest.

e. $10,000.00 to Larry Behm, plus interest, at a rate of 10½ per cent per annum.

f. $5,500.00 to Walter and Gladys Wilken, plus interest at a rate of 10½ per cent per annum.

g. $438.50 to Susan M. Umbel, plus interest.

h. $17,258.97 to Doris Driscoll, plus interest.

i. $476.06 to William Hudson Co. on behalf of Lizette Creations, plus interest.

IT IS FURTHER ORDERED, that where the rate of interest is not specified it shall be at a rate of 6 per cent per annum.

IT IS FURTHER ORDERED, that Mr. Anderson pay the costs and expenses of the disciplinary proceedings in the amount of $2500.00.

IT IS FURTHER ORDERED, that Mr. Anderson pay the costs and expenses of the Professional Trustee.

Dated at Bismarck, North Dakota, this 28th day of October, 1992.

/s/Ralph J. Erickstad
Ralph J. Erickstad, Chief Justice

/s/Gerald W. VandeWalle
Gerald W. VandeWalle, Justice

/s/Herbert L. Meschke
Herbert L. Meschke, Justice

/s/Beryl J. Levine
Beryl J. Levine, Justice

/s/J. Philip Johnson
J. Philip Johnson, Justice